UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHNNY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-3292 |
| | ) | |
| ROB JEFFREYS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding *pro se*, and currently incarcerated at Western Illinois Correctional Center, was granted leave to proceed *in forma pauperis*.  The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he remains incarcerated despite having served his sentence and being granted parole. Plaintiff challenges the term of his mandatory supervised release that requires him, as a convicted sex offender, to find IDOC-approved housing before his release from custody. *See* 735 Ill. Comp. Stat. § 5/3-3-7(b-1)(1). He

alleges that non-sex offenders may be released on parole as a homeless person, and that Defendants refusal to treat him in the same manner as non-sex offenders violates his Fourteenth Amendment equal protection rights.

Plaintiff may not challenge the terms of his parole in a lawsuit for damages under § 1983; his exclusive remedy lies in a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The unequal treatment Plaintiff alleges stems from IDOC officials' apparent attempts to comply with Illinois law, and Plaintiff's status as a sex offender is not a protected class for equal protection purposes. Therefore, Plaintiff does not state an equal protection claim. *See Goree v. Serio*, 735 F. App'x 894, 895–96 (7th Cir. 2018) (no "class of one" equal protection violation where warden rationally enforced BOP policy based on suspected criminal activity); *Werner v. City of Green Bay*, 2015 WL 5559826, at *7 (W.D. Wis., filed Sept. 21, 2015) (sex offenders are not a protected class).

Accordingly, this case will be dismissed for failure to state a claim. Plaintiff's Motion for Preliminary Injunction (Doc. 6) is denied because Plaintiff has not shown a reasonable likelihood on the merits or lack of an adequate remedy at law. *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003); *see also* Fed. R. Civ. P. 65(a)-(b) (prohibiting a court from issuing injunctive relief without notice, or attempts to give notice, to the opposing party).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **Plaintiff's Motion for Preliminary Injunction [6] is denied for the reasons stated above. Plaintiff's Motion**

to Request Counsel [5] and any other pending motions are denied as moot.

3) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

4) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

5) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 20th day of February, 2020

s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE